UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DEBORAH K. STAMM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:18-cv-1409 |
| v. | ) |
| | ) Honorable Janet T. Neff |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

# REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On July 8, 2015, plaintiff filed her application for DIB benefits, and on July 1, 2015, she filed her application for SSI benefits. She alleged a February 24, 2015, onset of disability. (ECF No. 7-5, PageID.194, 201). Plaintiff's claims were denied on initial review. (ECF No. 7-4, PageID.129-44). On September 14, 2017, plaintiff received a hearing before the ALJ. (ECF No. 7-2, PageID.66-100). The ALJ issued his decision on February 27, 2018, finding that plaintiff was not disabled. (Op., ECF No. 7-2, PageID.48-60). On October 19, 2018, the Appeals Council denied review (ECF No. 7-2, PageID.37-39), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

I. The ALJ failed to follow SSR 96-3p when he did not consider plaintiff's diabetes and gastroparesis "severe impairments."

II. The ALJ's residual functional capacity finding is not supported by substantial evidence.

    A. The ALJ did not include the effects of all plaintiff's impairments as required by SSR 96-8p.

    B. The ALJ relied on the opinion of a non-examining physician rendered before plaintiff developed gastroparesis, osteoarthritis, and other impairments.

    C. The ALJ's findings regarding the severity of plaintiff's symptoms are contrary to SSR 16-3p and are not supported by substantial evidence.

(Plf. Brief, iii, ECF No. 11, PageID.1287). For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve

conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## **The ALJ's Decision**

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through March 31, 2017. (Op., 3, ECF No. 7-2, PageID.50). Plaintiff had not engaged in substantial gainful activity on or after February 24, 2015, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: "obesity, migraines, diabetes mellitus, essential hypertension, adhesive capsulitis of the right shoulder status post arthroscopy and rotator cuff repair, and osteoarthritis of the knees with bilateral knee replacement." (*Id.* at 4, PageID.51). Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment. (*Id.* at 5, PageID.52). The ALJ found that

plaintiff retained the residual functional capacity (RFC) for a range of light work with the following exceptions:

> frequently climb ramps and stairs, balance, and reach with the right upper extremity; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, or crawl; and avoid all exposure to hazards. The claimant can tolerate no more than moderate levels of noise as defined in Appendix D of the Selected Characteristics of Occupations, 1993 edition. She should avoid work outdoors in bright sunshine and have no work with bright or flickering lights such as would be experienced in welding or cutting metals.

(*Id.* at 5-6, PageID.52-53).

The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. (*Id.* at 7, PageID.54). The ALJ found that plaintiff was not disabled at step four of the sequential analysis because she was capable of performing her past relevant work as a telephone sales representative. (*Id.* at 12, PageID.59).

Alternatively, the ALJ found that plaintiff was not disabled at step five of the sequential analysis. The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 345,000 jobs in the national economy that the hypothetical person would be capable of performing. (ECF No. 7-2, PageID.95-96). The ALJ found that this constituted a significant number of jobs, and he found that plaintiff was not disabled. (Op., 12-13, PageID.59-60).

**Discussion**

1.

Plaintiff's initial claim of error is that the "ALJ failed to follow SSR 96-3p when he did not consider [her] diabetes and gastroparesis 'severe impairments.'" (Plf. Brief, iii, ECF No. 11, PageID.1287).

There is no developed argument in plaintiff's brief corresponding to the claimed error. (*see* Plf. Brief, 8-9, PageID.1297-98). I find that this argument is waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and quotation omitted).

Even assuming that the issue had not been waived, it is meritless. The finding of a severe impairment at step two is a threshold determination. The finding of a single severe impairment is sufficient to require continuation of the sequential analysis. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The ALJ found at step two of the sequential analysis that plaintiff had six severe impairments, including diabetes mellitus.[1] (Op., 4, PageID.51). The ALJ's

---

[1] The ALJ found that plaintiff's gastroparesis was not a severe impairment. (Op., 4, PageID.51). The ALJ noted plaintiff's testimony claiming significant difficulties with diarrhea symptoms and that treatment had been limited to "conservative measures of medication management and dietary and supplement considerations." (*Id.*). In addition, the most recent records from plaintiff's gastroenterologist showed that

failure to find additional severe impairments at step two is "legally irrelevant." *Hedges v. Commissioner*, 725 F. App'x 394, 395 (6th Cir. 2018) (citation and quotation omitted). I find no basis for disturbing the Commissioner's decision.

**2.**

Plaintiff's second claim of error is that the ALJ's findings regarding her RFC are not supported by substantial evidence. (Plf. Brief, 9-18, PageID.1298-1307; Reply Brief, 1-3, ECF No. 13, PageID.1325-27).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 401-02 (6th Cir. 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).

A. <u>Consideration of All Plaintiff's Impairments</u>

Plaintiff argues that the ALJ's RFC finding failed to include all the effects of her impairments as required by SSR 96-8p. (Plf. Brief, 9-16, PageID.1298-1305).

"In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p (reprinted at 1996 WL 374184, at *5 (SSA July 2, 1996)). The ALJ considered all plaintiff's impairments, including her non-

---

plaintiff "was started on probiotics and Miralax for constipation. The evidence fails to identify functional limitations associated with the conditions." (*Id.*).

severe impairments and the combined effects of her impairments, in making his factual finding regarding plaintiff's RFC. (Op., 3, 6-11, PageID.50, 53-58). The ALJ's opinion documents his consideration of the entire record and plaintiff's combination of impairments. (*Id.*). "To require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).

### B. Reliance on the Opinion of a Non-examining Physician

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because he relied on the opinion of Shanti Tanna, M.D., a state agency medical consultant, and her opinion was rendered before plaintiff developed gastroparesis, osteoarthritis, and other impairments. (Plf. Brief, 16-17, PageID.1305-06).

"State agency medical consultants are highly qualified medical sources who are also experts in the evaluation of medical issues in disability claims under the Social Security Act[.]" *Gibbens v. Commissioner*, 659 F. App'x 238, 247 (6th Cir. 2016) (citation and quotation omitted); *see Social Security Ruling (SSR 17-2p): Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence* (reprinted at 2017 WL 3928306, at *3 (SSA Mar. 27, 2017)); *see also Bowman v. Commissioner*, 683 F. App'x 367, 375 (6th Cir. 2017) ("[I]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources.").

On October 14, 2015, Dr. Tanna reviewed plaintiff's medical records and offered her opinion that plaintiff retained the RFC for a limited range of light work. (ECF No. 7-3, PageID.107-10). The ALJ found that Dr. Tanna's opinions were entitled to great weight. (Op., 11, PageID.58). The ALJ was only required to "give some indication" that he had subjected Dr. Tanna's opinion "to at least some scrutiny." *Kepke v. Commissioner*, 636 F. App'x 625, 632 (6th Cir. 2016); *see Hancock v. Commissioner*, No. 1:16-cv-1105, 2017 WL 2838237, at *9 (W.D. Mich. July 3, 2017) ("It is plain that the ALJ subjected the consultant's opinion to scrutiny" where the ALJ RFC findings includes greater restrictions than those suggested by the consultant.). Here, the ALJ scrutinized Dr. Tanna's opinion and explained why he found that plaintiff required a more restrictive RFC than the one that Dr. Tanna suggested:

> I have further limited the claimant with regard to reaching with the upper right extremity due to her right shoulder impingement. I have included additional environmental restrictions to accommodate the claimant's migraine symptoms. Furthermore, I have reduced the claimant's ability to stoop, kneel, crouch, or crawl due to the claimant's bilateral knee replacements and subsequent manipulation. Further limitation is not warranted given the physical examinations showing normal motor and sensory function, normal gait, normal strength and muscle bulk, and no instability.

(*Id.*).

The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing the evidence. *See Ulman v. Commissioner*, 693 F.3d at 713. I find no basis for disturbing the Commissioner's decision.

C.  Subjective Symptoms

Plaintiff argues that the ALJ's findings regarding the severity of her symptoms are contrary to SSR 16-3p and are not supported by substantial evidence. (Plf. Brief, 17-18, PageID.1306-07; Reply Brief, 2-3, PageID.1326-27). These arguments do not provide a basis for disturbing the Commissioner's decision.

Plaintiff cites SSR 16-3p in a heading and in the last sentence of section (B)(3) of her brief (Plf. Brief, 17-18, PageID.1306-07), but her brief and reply brief contain no developed argument based on SSR 16-3p.[2] I find that this argument is waived. *See Clemente v. Vaslo*, 679 F.3d at 497; *McPherson v. Kelsey*, 125 F.3d at 995-96.

Evaluation of a claimant's subjective complaints remains peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d at 592. The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir.

---

[2] SSR 16-3p applies to administrative decisions made on or after March 28, 2016. *See Social Security Ruling 16-3p Titles II and XVI: Evaluation of Symptoms in Disability Claims* (reprinted at 2017 WL 5180304, at *1, 13 n.27 (SSA Oct. 25, 2017). SSR 16-3p applies here because the ALJ entered his decision on February 27, 2018. In SSR 16-3p, the Administration "eliminate[ed] the term credibility from [its] sub-regulatory policy, as [its] regulations do not use the term. In so doing, [the Administration] clarif[ied] that subjective symptom evaluation is not an examination of the individual's character." *Id.* at 1; *see Dooley v. Commissioner*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016). SSR 16-3p had no impact on the statutory deference to which an ALJ's factual findings are entitled. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g).

2005). The Commissioner's findings are reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d at 714. Claimants challenging the ALJ's findings "face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). The Court must accord the ALJ's findings "great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones v. Commissioner*, 336 F.3d 469, 476 (6th Cir. 2003); *see Buxton v. Halter*, 246 F.3d at 773.

The ALJ gave a lengthy and detailed explanation of his factual findings regarding plaintiff's symptoms. (Op., 6-11, PageID.53-58). Among other things, the ALJ noted that the medical evidence did not support the level of functional restriction that plaintiff claimed. (*Id.* at 7, PageID.54). Plaintiff's treating orthopedic surgeon, Mark Noffsinger, M.D., noted that x-rays showed that plaintiff's knee replacements remained stable and in good position with no evidence of loosening. He encouraged plaintiff to increase her activity level. (*Id.* at 7-8, PageID.54-55) (citing ECF No. 7-20, PageID.1245, 1267). Sugandhi Sridharan, M.D., a physician treating plaintiff's migraine headaches, found that embellishment and malingering were significant components of plaintiff's symptoms. (*Id.* at 9, PageID.56) (citing ECF No. 7-7, PageID.326). Dr. Sridharan advised plaintiff that, from a neurological standpoint, "she could continue to work and that there was not sufficient evidence or reason to stop her from working." (*Id.*). Plaintiff's primary care physician, Michael Ku, D.O., noted that plaintiff's blood sugars were well-controlled. (Op., 10, PageID.57) (citing

ECF No. 7-16, PageID.1018-20). The ALJ's findings regarding plaintiff's subjective symptoms are supported by substantial evidence.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: September 3, 2019         /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).